**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

     Plaintiff,

v.                           Case No. 77-CR-80555

JOHN ROBERT KEARNEY,

     Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR EXPUNGEMENT

Pending before this court is a motion for expungement, filed *pro se* by Defendant John R. Kearney on January 31, 2008. The court concludes a hearing on the motion is unnecessary. See E.D. Mich LCrR 12.1; E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

## I. BACKGROUND

Defendant was convicted of making false and fraudulent statements under 18 U.S.C. § 1001 and was sentenced on November 11, 1977 to sixteen months of imprisonment. Defendant previously sought expungement, in order to obtain a concealed weapons permit, which Judge James P. Churchill of this court denied on June 16, 1994. Defendant's instant motion relies solely upon his avowed nearly thirty-one years of lawfulness and his desire to remove "this dark cloud," *i.e.*, his conviction, from his life. (Def.'s Mot. at 1.)

## II. STANDARD

Federal law does not provide the courts with a specific statute authorizing the expungement of criminal records. In the absence of a specific law leading the way, the Sixth Circuit declared that federal courts possess "inherent equitable powers . . . to order the expungement of a [criminal] record . . . ." *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). The federal courts' power to expunge, however, is limited only to appropriate cases. *Id.* The Sixth Circuit has not established a benchmark for what can be deemed "appropriate," but the federal courts are in agreement that "appropriate" is typically found only in extreme or extraordinary circumstances.[1] *See*, *e.g.*, *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991); *United States v. Geary*, 901 F.2d 679 (8th Cir. 1990).

## III. DISCUSSION

Courts have interpreted the power to expunge criminal records as a balance between the state's interest in maintaining accurate criminal records and the harm inflicted on a defendant by the record's existence.[2] *United States v. Bagley*, 899 F.2d 707, 708 (8th Cir. 1990). The state's interest in maintaining accurate criminal records stems from the valuable role they serve in effective law enforcement. *Id.*; *see also United States v. Wiley*, 89 F. Supp. 2d 909, 912 (S.D. Ohio 1999). "Such records meet

---

[1]In *United States v. Robinson*, No. 94-1945, 1996 WL 107129 at *1 (6th Cir. Mar. 8, 1996), the Sixth Circuit held in an unpublished opinion that "expungement power is narrow and appropriately used only in extreme circumstances." Unpublished opinions are not binding authority, but this court does acknowledge that they can be persuasive authority. *Harper v. Auto Alliance Int'l, Inc.,* 392 F.3d 195, 205 n. 3 (6th Cir. 2004).

[2]In *Robinson*, the Sixth Circuit likewise agreed that expungement power "hinges" on the balancing of state and private interests. 1996 WL 107129 at *1.

the compelling public need for an effective and workable criminal identification procedure." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (citing *United States v. Seasholtz*, 376 F. Supp. 1288, 1290 (N.D. Okla. 1974)) (quotations omitted).

Acknowledging the strength of the state's interest, courts have held that the power to expunge criminal records is quite narrow. *Id.*; *see also United States v. Friesen*, 853 F.2d 816, 817 (10th Cir. 1988); *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984). This narrow grant of power is generally only used in cases of improper convictions. *Schwab v. Gallas*, 724 F. Supp. 509 (E.D. Ohio 1989). Nevertheless, even in the presence of an improper conviction, the state's interest in maintaining accurate criminal records remains high. In fact, courts have denied expungement although the underlying convictions have been reversed or the defendants have been acquitted. *See United States v. Janik*, 10 F.3d 470, 471-72 (7th Cir. 1993) (defendant's motion for expungement denied despite the conviction being reversed for violation of the Speedy Trial Act); *United States v. Linn*, 513 F.2d 925, 927-28 (D.C. Cir. 1979) (defendant acquitted, but expungement denied because arrest was lawful). Instead, expungement power is exercised when improper convictions are accompanied by more extreme elements, such as "in cases of mass arrests without probable cause . . . arrests under statutes later held unconstitutional . . . and arrests found to have been for the purpose of harassment only . . . ." *Geary v. United States*, 901 F.2d 679 (8th Cir. 1990). Courts have thus not viewed difficulty in finding employment due to a past criminal record as a valid reason for expungement. *United States v. Rowlands*, 451 F.3d 173 (3d Cir. 2006); *United States v. Meyer*, 439 F.3d 855 (8th Cir. 2006); *United States v. Scott*, 793 F.2d 117 (5th Cir. 1986).

Defendant's motion falls far short of the bar set by the above authority. Defendant does not claim that his conviction is improper. He merely asserts a desire to remove a "dark cloud" from his distant past. That sentiment may approach universality among the guilty. Further, the mere fact that Defendant has apparently been law-abiding for over three decades is not exceptional. Convicted criminals are expected to mend their ways and rejoin society upon release. To expunge is to formally erase the past. The court encourages Defendant to adopt a forward-looking approach to his circumstances and to continue to respect the law. But his conviction must remain a matter of public record.

## IV. CONCLUSION

IT IS ORDERED that Defendant's "Motion for Expungement" [Dkt. # 2] is DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 21, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 21, 2008, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522